Richard D. Guy, Trustee

v.

Bank of Virginia et al.

January 27, 1982

Case No. (Chancery) C81–692

BY JUDGE GEORGE W. VAKOS

I am of the opinion that:

1. The Bank of Virginia had authority to complete the deed of trust note in question after the makers signed it so that the interest rate would be the same as in the earlier unsecured note.

John P. Kelly, one of the makers, testified that he signed the deed of trust note dated February 29, 1980, because his partner and co-maker Andrew W. Chiacchieri was having problems paying the earlier unsecured note and the Bank of Virginia was insisting on a deed of trust on the partnership property to secure that loan. He stated that he did not remember the amount of interest that was going to be charged but he knew they were to pay interest and he assumed the Bank of Virginia would fill in the interest [rate] after he signed the note. Since Andrew A. Chiacchieri also signed the deed of trust note, it is obvious the makers authorized the Bank of Virginia to complete the deed of trust note in conformity with the earlier note. Virginia Code § 8.3–115(1).

2. The interest provisions as subsequently completed by the Bank are part of the lien of the deed of trust even though the interest rate was not completed on the copy of the note attached and referred to in the recorded deed of trust.

"The main purpose of recordation statutes is to give constructive notice to purchasers and encumbrancer who acquire or seek to acquire some interest or right in property." *Chavis v. Gibbs*, 198 Va. 379, 381 (1956).

"The recorded instrument is sufficient to give notice under the registry laws if the property is so described and identified that a subsequent purchaser or encumbrancer would have the means of ascertaining with accuracy what and where it was, and if the language used is such that if he should examine the instrument itself, he would obtain notice of all the rights which were intended to be created or conferred by it." 15 Michie's Jurisprudence, *Recording Acts*, § 17.

It is true that the copy of the note recorded with the deed of trust did not provide for the rate of interest being charged but it did, in the section providing for "Schedule of Payments and Interest," indicate that the note was "On demand (principal and interest)." The note also indicated that the Bank of Virginia was the holder, and thus subsequent encumbrancers were provided with a means to determine the rate of interest and the balance due on the principal and interest at any given time.

The form note attached to the recorded deed of trust therefore was sufficient both to put subsequent encumbrancers on notice that interest was being charged and further provided sufficient facts which would cause a person to inquire further.

The Court fails to see any distinction between the description of the note in this deed of trust and one that merely describes the note by reciting its date, the name of the makers, and the amount of the principal with "interest thereon," or words to that effect.

"A mortgage or deed of trust to be valid must in some way describe and identify the indebtedness it is intended to secure. Literal accuracy is not required, but the description of the debt must be correct, so far as it goes, and full enough to direct the attention to the sources of correct information in regard to it and be such as not to mislead or deceive as to the nature or amount of it. But it has been held that the validity of a deed of trust executed in good faith is not affected by the fact that the amount of the debt secured is not described with accuracy, though where the amount is not ascertained, a court of equity will enjoin a sale until the true amount can be determined." 25 Michie's Jurisprudence, *Mortgages and Deed of Trust*, § 25.